UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
QUENTON P. HUGHES,

                Plaintiff,

  - against -

JOSEPH REHAL (Badge # 1983), JOHN DOES 1–4,
And SENIOR PAROLE OFFICER TODD,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
18-CV-7287 (RRM) (RML)

ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      Plaintiff Quenton P. Hughes, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants Parole Officer Joseph Rehal; Senior Parole Officer Lori Lee Todd; and John Does 1–4, officers at the Riverhead Police Department, violated his constitutional rights when they falsely arrested him for domestic violence in October 2018. (Compl. (Doc. No. 1).) Defendants Rehal and Todd now move to dismiss the complaint for failure to state a claim under FED. R. CIV. P. 12(b)(6). For the reasons stated below, defendants' motion is granted, but Hughes is granted leave to amend his complaint.

### BACKGROUND

      The following facts are drawn from Hughes's Complaint and are assumed to be true for the purpose of this Memorandum and Order. On the evening of October 4, 2018, Hughes received a call from his parole officer, Joseph Rehal, directing him to meet Rehal at the home Hughes shares with his wife, Leia. (Compl. at 4.) When Hughes arrived at his address, unnamed members of the Riverhead Police Department and DOCCS employees took Hughes's car keys and handcuffed him. (*Id*.) They "forcefully" pushed Hughes into his apartment, where Leia was already present. (*Id*.) The officers searched the apartment for weapons and arrested Hughes on a

misdemeanor domestic violence charge. (*Id*.) Hughes states that this charge "was a lie" and that this is the second time parole officers have arrested him on "fraudulent allegations by [his] wife." (*Id*.) Hughes is a cancer patient and states that his arrest and incarceration caused him high blood pressure, stress, and "great difficulties" with his cancer condition, as well as lost wages. (*Id*.) Though Hughes does not specify any causes of action in his complaint, he filed it using a form complaint of the sort usually used to bring civil rights actions, so this Court construes Hughes's allegations as brought under 42 U.S.C. § 1983.

Hughes commenced the instant action on December 14, 2018, by placing his form complaint in the mailbox at Riverhead Correctional Facility. Hughes seeks $300/day for his unlawful detention and compensatory and punitive damages in the amount of $5 million for lost wages, suffering, the "non-medical treatments" he is "not receiving," and violation of his constitutional rights. (*Id*. at 5.)

Defendants Rehal and Todd now move to dismiss the claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Notice of Motion (Doc. No. 25).) In their supporting memorandum, Rehal and Todd argue that Hughes fails to state a claim against Todd because the complaint does not mention her other than to name her as a defendant, and so fails to allege personal involvement. (Def.'s Mem. (Doc. No. 26) at 8–9.) Defendants also argue that Hughes fails to state a claim for false arrest under 42 U.S.C. § 1983 because the officers received a report of domestic violence and so had reasonable cause to arrest him. (*Id*. at 9–12.) They assert that it is not relevant whether the domestic violence claims turned out to be fabricated, because at the time of the arrest, the arresting officers were acting reasonably and in good faith based on an apparently reliable report of domestic violence. (*Id*. at 12.) Finally, they argue that Rehal is

entitled to qualified immunity because there was arguably reasonable cause to arrest Hughes. (*Id*. at 13.)

Hughes has not opposed this motion.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted." In evaluating a Rule 12(b)(6) motion, the Court assumes the truth of the facts alleged, and draws all reasonable inferences in the nonmovant's favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In all cases a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 570). When ruling on a motion to dismiss under Rule 12(b)(6), the Court may consider the "facts stated on the face of the complaint and in documents appended to the complaint or incorporated in the complaint by reference, as well as matters of which judicial notice may be taken." *Hertz Corp. v. City of New York,* 1 F.3d 121, 125 (2d Cir. 1993).

The Court holds *pro se* complaints to a less exacting standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008). The Court reads *pro se* pleadings to "raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be

3

stated," the Court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Ashmore v. Prus*, 510 F. App'x. 47, 48 (2d Cir. 2013) (summary order) ("District courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend."). Nonetheless, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995). Where a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997).

## DISCUSSION

### I.    Todd's Personal Involvement

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the personal involvement of defendants in the alleged constitutional deprivations. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). "Because vicarious liability is inapplicable to…§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Where a complaint fails to allege "any observable action or omission or any conduct whatsoever" by a defendant, it has failed to allege the personal involvement of that defendant. *See Mercedes v. Westchester County*, 18-CV-4087 (KMK), 2019 WL 1429566 at * 4–5 (S.D.N.Y. March 29, 2019) (collecting cases).

Hughes's complaint is complete devoid of any facts demonstrating Todd's involvement in the instant action, aside from naming her as a defendant in the caption and including her name and address in the list of defendants in section I(B). Therefore, Hughes has failed to allege Todd's personal involvement in the instant action. Accordingly, the claims against Todd are dismissed.

## II. False Arrest and Unlawful Imprisonment

To state a claim for false arrest or unlawful imprisonment under Section 1983, a plaintiff must show that (1) he was intentionally confined; (2) he was conscious of the confinement; (3) he did not consent to the confinement; and (4) the confinement was not privileged. *Shain v. Ellison*, 273 F.3d 56, 67 (2d Cir. 2001) (citing *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995)). An arrest made on probable cause is privileged. *Shain*, 273 F.3d at 67.

Probable cause is established when an arresting officer has "knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Roberts v. Azize*, 767 F. App'x 196, 198 (2d Cir. 2019) (quoting *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007)). Probable cause may exist "even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994) (citation omitted). However, knowledge that a complainant was lying "would defeat the defense of probable cause." *Guzman v. City of New York*, No. 08-CV-2853 (FB) (VVP), 2010 WL 4025563, at *2 (E.D.N.Y. Oct. 13, 2010); *see also Singer*, 63 F.3d at 119 (identification by victim supplies probable cause "absent circumstances that raise doubts as to the victim's veracity").

Where a false arrest claim arises from a warrant for the retaking or detention of a parolee, the lower standard of "reasonable cause" applies. *Gathers v. White*, 04-CV-5454 (JG), 2007 WL 446755 at * 4–5 (E.D.N.Y. Feb. 8, 2007). New York regulations provide, in relevant part:

> Reasonable cause exists when evidence or information which appears reliable discloses facts or circumstances that would convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that a releasee has committed the acts in question or has lapsed into criminal ways or company.

5

N.Y. Comp. Codes R. & Regs. tit. 9, § 8004.2(c).

Here, Hughes was detained after his wife reported him for domestic violence towards her. Such an allegation provides reasonable cause, and probable cause, for his arrest. Though Hughes states in his complaint that his wife's report was a lie, he alleges no facts to suggest that the arresting officers were aware that Leia was lying or that they acted unreasonably or in bad faith in crediting her report of domestic violence. Accordingly, Hughes's claims for false arrest and unlawful imprisonment are dismissed.

### III. Leave to Amend

A Court generally should not dismiss a *pro se* complaint without granting the plaintiff leave to amend. *See Cuoco*, 222 F.3d at 112. Dismissal without leave to amend is only warranted where amendment would be futile. *Id.* The Court grants Hughes leave to amend within 30 days of the date of this Order. In his Amended Complaint, Hughes should include any facts that would tend to show that his arresting officers lacked probable cause to arrest him. Further, it is unclear whether Hughes intends to bring a 14th Amendment due process claim for deliberate indifference to serious medical needs, as his complaint is devoid of facts relating to the treatments he alleges he is not receiving and fails to name any prison officials as defendants. If Hughes fails to file an amended complaint within 30 days of this Order, or fails to address the deficiencies identified herein, judgment may enter against him.

### CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is granted. Plaintiff is granted leave to amend his pleading to allege a federal claim. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S.

438, 444–45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* plaintiff and to note the mailing on the docket.

                   SO ORDERED.

Dated: Brooklyn, New York        *Roslynn R. Mauskopf*
   March 30, 2021
                   _____
                   ROSLYNN R. MAUSKOPF
                   United States District Judge